Argued January 19, affirmed March 31, rehearing denied April 21, 1914.

## MAXWELL LAND CO. *v.* HERMISTON BANK.

(139 Pac. 921.)

**Parties—Defendants—Persons Who Must be Sued.**

Where, by a contract with the government reclamation service, plaintiff agreed to convey its lands to a trustee, to be conveyed by him on the same conditions as United States lands included in the same reclamation project, and in a suit against the trustee to enjoin the sale of plaintiff's lands at public auction, both the contract and trust deed are set out, and plaintiff's real grounds for relief are based on breach of the contract by the reclamation, the complaint is subject to demurrer for failure to make the United States a party.

From Umatilla: GILBERT W. PHELPS, Judge.

Department 2.    Statement by MR. JUSTICE EAKIN.

This is a suit by the Maxwell Land & Irrigation Company, a corporation, against the Hermiston Bank & Trust Company, a corporation, to have canceled and set aside a trust deed. In 1905 the plaintiff was the owner of about 8,000 acres of arid land in the vicinity of Hermiston, Umatilla County, Oregon. In order to make it marketable it had endeavored to secure water for the irrigation of said tract, having acquired water rights and commenced the construction of reservoir dams and ditches for that purpose. About that time the reclamation service of the United States, owning a large amount of arid land in the same vicinity, contemplated the construction of reservoir dams and ditches for the reclamation thereof, pursuant to the act of Congress of June 17, 1902 (32 Stat. 388, c. 1093, U. S. Comp. Stats. Supp. 1911, p. 664), known as the reclamation act; and plaintiff, desiring to secure water rights in said project of the reclamation service for the irrigation of its lands, entered into an agreement with the said reclamation service, as set out in the complaint and referred to as Exhibit 2, by which the reclamation service purchased plaintiff's water rights,

ditches, and reservoir site, and agreed to include the land of the plaintiff in said reclamation project. Plaintiff agreed to convey its lands to a trustee (this defendant), to be conveyed by said trustee on the same conditions and under the same burdens as were provided for the sale of the United States lands in said project, namely, within one year of the date of the public notice issued by the Secretary of the Interior, and in tracts of not more than 40 acres to any one purchaser: Section 4 of the Reclamation Act. Certain other rights and privileges were reserved and guaranteed to the plaintiff, and other concessions made by it to the reclamation service, that need not be set out here. Plaintiff executed the trust deed to the defendant in accordance with the contract with the reclamation service (Exhibit 2), which deed is set out in the complaint and referred to as Exhibit 1. The grounds upon which the suit is based are that the reclamation service has failed to comply with the terms of its contract in various particulars, in that it has increased the price per acre for the water; that instead of delivering the water on each 40 acres, the water users are required to construct ditches about three fourths of a mile in length, in order to bring the water to their land; that the government has a large body of land of the same character and in the same locality as plaintiff's land under said project, and now offers it for homestead entry without expense to the settlers, except filing fees and the water contract, by reason of which plaintiff is deprived of sales under negotiation and is unable to compete with the United States in the sale of its land; that it has failed and refuses to construct an adequate drainage system for said land, and has now ordered the said trustee to offer said land for sale at public auction; and that it threatens to and will sell the same unless restrained by this court. The

grantee in the trust deed is the only person named as a party defendant, to the suit. An injunction was issued upon the filing of the complaint, restraining defendant from selling any of the lands of plaintiff until the further order of the court.

Defendant demurred to the complaint:

(1) For the reason that the court has no jurisdiction of the suit, as the United States is the only party in interest, and that the decree prayed for would conclude and defeat the rights of the United States over which this court has no jurisdiction. (2) That it appears from the face of the complaint there is a defect of parties defendant in the omission of the United States. (3) That the complaint does not state facts sufficient to constitute a cause of suit. (4) That the plaintiff has a complete and adequate remedy at law.

The demurrer was sustained, and, the plaintiff refusing to plead further, the injunction was dissolved and the suit dismissed. Plaintiff appeals.

AFFIRMED: REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. R. R. Johnson.*

For respondent there was a brief over the names of *Mr. Clarence L. Reames* and *Mr. E. A. Johnson,* with an oral argument by *Mr. Johnson.*

There was a brief and an oral argument by *Mr. Will R. King, amicus curiae.*

MR. JUSTICE EAKIN delivered the opinion of the court.

The contract with the reclamation service and the trust deed are both set out in full in the complaint, which contains recitals as to the relations existing be-

tween plaintiff and the reclamation service arising out of the contract and deed. The plaintiff is not directly asking a rescission of the contract, probably because it cannot place the reclamation service *in statu quo,* yet the fact of cancellation of the deed would have the effect of permitting the plaintiff to withdraw from the contract without giving the reclamation service an opportunity to be heard. It is plain from the contract and deed that the submission of plaintiff's land to the same conditions as those covering the United States land with relation to the water service, and the subjection thereof to the same burdens, was one of the principal considerations for the agreement on the part of the reclamation service. Two principal purposes are apparent in this: (1) That the project may as speedily as possible have remuneration in the sale of water for the money expended; (2) the settlement of the land in small tracts, namely, a family on each 40 acres. The latter was the prime object of the reclamation act of Congress: 32 Stat. 388.

The terms of the trust deed and the consideration therefor are provided and fully appear in the contract, and it is not possible to intelligently dispose of the case without construing the terms of the contract to ascertain whether there has been a breach thereof. This cannot be done without the presence of the parties affected by it. It is not a question of whether the trustee is an agent of the government or of the reclamation service. The trust deed cannot be considered alone. It is only a part of the execution of the contract, and thereby the reclamation service is a party to the deed as much as if signed by it, and both have to be considered together. This cannot be done without the presence of the contracting parties.

The grounds alleged for cancellation and breach of the contract are defaults of the reclamation service,

and not of the defendant, which is only the holder of the title. Such defaults or breaches cannot be determined in the absence of the party in default. He must have his day in court. Therefore, the Circuit Court did not err in sustaining the demurrer and dismissing the suit.

The decree is affirmed.

Affirmed: Rehearing Denied.

Mr. Chief Justice McBride, Mr. Justice Bean and Mr. Justice McNary concur.